UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
Western Division

FILED
IN CLERKS OFFICE
2018 DEC 27 PM 12: 41
U.S. DISTRICT COURT
DISTRICT OF MASS.

| | |
|---|---|
| **KATHLYN STEIN,** <br> Plaintiff Employee <br><br> v. <br><br> **JOHN COLLINS, DIRECTOR,** <br> **VA CENTRAL WESTERN MA** <br> **HEALTH CARE SYSTEM** <br><br> Defendant Employer, <br> In his Individual & Official Capacities | CASE NUMBER: <br> **JURY DEMAND** |

### EQUAL PAY ACT COMPLAINT

### Introduction

1) VA employee Plaintiff Kathlyn Stein brings this action against her VA Defendant Employer, to recover over $167,671 in unpaid 2016, 2017 and 2018 wages, pursuant to *29 U.S.C Equal Pay Act, § 206 et seq.* and *Massachusetts Act to Establish Pay Equity, Chapter 177 of the Acts of 2016*, which provide that no employer shall discriminate in any way on the basis of Plaintiff's gender in the payment of wages.

2) Ms. Stein also seeks injunctive - future relief to compel the VA to pay Ms. Stein equal wages to men who perform essentially the same job.

1

## Jurisdiction and Venue

3) Jurisdiction and venue in this suit is authorized and due pursuant *to 29 U.S.C Equal Pay Act, § 206 et seq.*, and *Massachusetts Act to Establish Pay Equity, Chapter 177 of the Acts of 2016*.

4) Jurisdiction is conferred by *28 U.S.C. § 1331* because these claims arise under the laws of the United States and *42 U.S.C. § 2000e-5(f)*. *28 U.S.C. § 1367* provides supplemental jurisdiction over Plaintiffs' state law *Act to Establish Pay Equity* claims.

5) Venue is proper in the United State District Court for the District of Massachusetts, Western Division pursuant t*o 28 U.S.C. § 1391 (b)* as all acts complained of occurred within this District.

## Parties

6) VA employee, Plaintiff Kathlyn Stein is an individual residing in Shutesbury, Massachusetts, 01072. She has been employed at VA Central Western Massachusetts Health Care System since 2010, as a Physician's Assistant "mid-level practitioner", a term interchangeably used to describe a Physician's Assistant ("PA") or Nurse Practitioner ("NP").

7) "Defendant VA Employer", John Collins, the Director of VA Central Western Massachusetts Health Care System, with a principal office at 421 North Main St., Leeds, Massachusetts, 01053, is named in his individual and official capacities

because he directs his employees' work and has final authority in determining his employees' wages.

8) Defendant is an employer subject to **29 U.S.C Equal Pay Act, § 206 et seq.** and **Massachusetts Act to Establish Pay Equity, Chapter 177 of the Acts of 2016**.

## Factual Allegations

9) VA Central Western MA Health Care System PAs and NPs perform jobs of equal skill, effort and responsibility and perform such jobs under similar working conditions.

10) In 2016. VA employee Kathlyn Stein was paid $54,005 less than male VA employee WJS (an NP) for performing a job of equal skill, effort and responsibility under similar working conditions.

11) In 2017, VA employee Kathlyn Stein was paid $56,833 less than male VA employee WJS for performing a job of equal skill, effort and responsibility under similar working conditions.

12) In 2018, VA employee Kathlyn Stein was paid approximately $56,833 less than male VA employee WJS for performing a job of equal skill, effort and responsibility under similar working conditions.

13) In 2016. VA employee Kathlyn Stein was paid $22,594 less than male VA employee MO (an NP) for performing a job of equal skill, effort and responsibility under similar working conditions.

14) In 2017, VA employee Kathlyn Stein was paid $21,625 less than male VA employee MO for performing a job of equal skill, effort and responsibility under similar working conditions.

15) In 2018, VA employee Kathlyn Stein was paid approximately $21,625 less than male VA employee MO for performing a job of equal skill, effort and responsibility under similar working conditions.

16) A comparison of the 50 highest paid VA employees (a majority of them doctors) performing jobs of equal skill, effort and responsibility under similar working conditions, by gender (28 men and 22 women) from 2011 - 2017, evidences a customary VA Central Western MA practice of wage discrimination against female VA employees that is knowing, pervasive and willful.

17) For every dollar a male VA employee earned in 2017, a similarly situated female VA employee earned 87 cents for performing equal work.

18) For every dollar a male VA employee earned in 2016, a similarly situated female VA employee earned 86 cents for performing equal work.

19) For every dollar a male VA employee earned in 2015, a similarly situated female VA employee earned 88 cents for performing equal work.

20) For every dollar a male VA employee earned in 2014, a similarly situated female VA employee earned 78 cents for performing equal work.

21) For every dollar a male VA employee earned in 2013, a similarly situated female

VA employee earned 78 cents for performing equal work.

22) For every dollar a male VA employee earned in 2012, a similarly situated female VA employee earned 78 cents for performing equal work.

23) For every dollar a male VA employee earned in 2011, a similarly situated female VA employee earned 70 cents for performing equal work.

24) Defendant VA Employer's discriminatory conduct against Ms. Stein on the basis of her female gender is therefore knowing, pervasive and willful.

25) As a direct and proximate result of Defendant's discriminatory conduct on the basis of Ms. Stein's female gender in the payment of wages, Ms. Stein has been damaged, and she suffers loss of compensation, loss of benefits, loss of future earnings, loss of time, legal costs, attorney fees and emotional distress endeavoring to vindicate her equal pay rights by this action.

## Claims for Relief

### Count I: *US Equal Pay Act* Claims

26) Plaintiff incorporates and adopts each allegation contained in the preceding and subsequent paragraphs of this Complaint, as if fully set forth herein.

27) By its conduct set forth above, Defendant VA Employer violated *29 U.S.C Equal Pay Act, § 206(d) Prohibition of Sex Discrimination*:

> "(1) No employer having employees subject to any provisions of this section shall discriminate...between employees on the basis of sex by paying wages to employees in such establishment at a rate less than the rate at which he pays wages to employees of the opposite sex...for equal

5

work on jobs the performance of which requires equal skill, effort, and responsibility, and which are performed under similar working conditions, except where such payment is made pursuant to (i) a seniority system; (ii) a merit system; (iii) a system which measures earnings by quantity or quality of production; or (iv) a differential based on any other factor other than sex."

28) In accordance with *29 U.S.C Equal Pay Act, § 206(d) Prohibition of Sex Discrimination, Sec. 216 Penalties*:

"Any employer who violates the provisions of section 206…shall be liable to the employee or employees affected in the amount of their unpaid minimum wages…and in an additional equal amount as liquidated damages."

## Count II: *Massachusetts Pay Equity* Claims

29) Plaintiff incorporates and adopts each allegation contained in the preceding and subsequent paragraphs of this Complaint, as if fully set forth herein.

30) By its conduct set forth above, Defendant VA Employer violated *Massachusetts Act to Establish Pay Equity, Chapter 177 of the Acts of 2016, Section 105A*:

"(b) No employer shall discriminate in any way on the basis of gender in the payment of wages, or pay any person in its employ a salary or wage rate less than the rates paid to its employees of a different gender for comparable work; provided, however, that variations in wages shall not be prohibited if based upon: (i) a system that rewards seniority with the employer…; (ii) a merit system; (iii) a system which measures earnings by quantity or quality of production, sales, or revenue; (iv) the geographic location in which a job is performed; (v) education, training or experience to the extent such factors are reasonably related to the particular job in question; or (vi) travel."

"An employer who violates this section shall be liable to the employee affected in the amount of the employee's unpaid wages, and in an additional equal amount of liquidated damages…The court shall, in

6

**addition to any judgment awarded to the plaintiff, award reasonable attorneys' fees to be paid by the defendant and the costs of the action."**

## Prayer for Relief

Plaintiff respectfully requests a jury trial on all counts of this complaint.

WHEREFORE, Plaintiff respectfully requests that, and moves this Court to:

A. Enter a judgment finding that Defendant has willfully violated federal and state law as set forth above;

B. Order that Defendant pay the Plaintiff, Kathlyn Stein, all unlawfully withheld wages and benefits due and owing as a result of Defendant's discriminatory acts;

C. Enter a judgment for injunctive - future relief to compel the VA to pay Ms. Stein equal wages to men who perform essentially the same job;

D. Award equitable compensatory, punitive and "liquidated' (doubled) damages to Ms. Stein in an amount to be determined at trial;

E. Award Ms. Stein reasonable attorneys fees and all other "costs of the action" pursuant to *29 U.S.C Equal Pay Act, § 216 (b) Damages* ;

F. Grant such other and further relief as the Court may deem just and proper.

Respectfully submitted,

*[signature]*, pro se
Kathlyn M. Stein, pro se