UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
Western Division

FILED IN CLERKS OFFICE
2020 FEB 28 AM 9:28
U.S. DISTRICT COURT
DISTRICT OF MASS.

| | |
|---|---|
| KATHLYN STEIN,<br><br>    Pro Se Plaintiff,<br><br>    v.<br><br>JOHN COLLINS, Retired Director,<br>VA Central Western MA Health Care System<br>("VACWM"), acting in his individual<br>capacity; and<br><br>DR. SETH KUPFERSCHMID, Chief of Staff<br>("COS"), acting in his individual capacity; and<br><br>ANDREW MCMAHON, Acting Director,<br>acting in his official capacity,<br><br>    Defendants. | Civil Action No. 3:18-cv-30201-MGM<br>Jury Demand |

**MOTION TO ALTER or AMEND THE JUDGMENT**

Pro Se Plaintiff, Kathlyn Stein hereby moves this honorable Court, pursuant to Fed. R. Civ. Proc. 59(e) and/or 60(b), to either alter or amend the court's February 12, 2020 order, set aside its judgment, or reconsider its opinion, so that Ms. Stein may have a fair and just opportunity to amend her original December 27, 2018 complaint, and cure defects identified by the court's February 12, 2020 dismissal, without prejudice, of Ms. Stein's individual capacity Equal Pay Act/FLSA claim.

Ms. Stein's motion here satisfies the standards under Federal Rules of Civil Procedure 59(e) and/or 60(b), as well as Rule 15, to obtain the requested relief. "Ordinarily, Rule 15(a) governs a motion to amend a complaint. That rule directs that '[t]he court should freely give leave [to amend] when justice so requires.'" *Fisher v. Kadant, Inc.*, 589 F.3d 505, 508 (1st Cir. 2009)

1

(quoting Fed. R. Civ. P. 15(a)(2)). "If, however, a motion to amend is filed after the entry of judgment, the district court lacks authority to consider the motion under Rule 15(a) unless and until the judgment is set aside." Id. (citing *Palmer v. Champion Mortg.*, 465 F.3d 24, 30 (1st Cir. 2006)). "As long as the judgment remains in effect, Rule 15(a) is inapposite." Id. at 508-09.

Ms. Stein timely files the instant motion well within the 28-day time period prescribed by Rule 59(e). Under Rule 59(e), "relief is granted sparingly, and only when 'the original judgment evidenced a manifest error of law, if there is newly discovered evidence." *Biltcliffe v. CitiMortgage, Inc.*, 772 F.3d 925, 930 (1st Cir. 2014) (quoting *Global Naps, Inc. v. Verizon New England, Inc.*, 489 F.3d 13, 25 (1st Cir. 2007)).

Ms. Stein previously filed for Leave to Amend and Add Parties, and filed her First Amended Complaint, on February 24, 2020. Pursuant to Fed. R. Civ. Proc. 15(a)(2) *Other Amendments*, "A party may amend its pleading only with the opposing party's written consent or the court's leave. **The court should freely give leave when justice so requires.**" Justice so requires the Court to alter or amend its' February 12, 2020 order, set aside its judgment, or reconsider its opinion under Rule 59(e) and/or 60(b), so that Ms. Stein may have a fair and just opportunity under Rule 15(a)(2) to amend her original December 27, 2018 complaint, and cure defects identified by the court's February 12, 2020 dismissal, without prejudice, of the unrepresented federal employee's individual capacity Equal Pay Act claim.

Pro Se Plaintiff Stein contends newly discovered Amended Complaint evidence, in addition to evidence that didn't seem relevant to the unrepresented litigant on December 27, 2018 (when she originally filed her complaint), but is now, persuasively cures defects identified by the Court's dismissed without prejudice order. Likewise, Ms. Stein's newly discovered Amended Complaint evidence, in addition to evidence that didn't seem relevant to the unrepresented litigant

on December 27, 2018, but is now, provides sufficient evidence attaching individual EPA/FLSA liability to VACWM Defendants, Mr. Collins and Dr. Kupferschmid, who jointly, severally and willfully maintain(ed) "operational control over significant aspects" of the VACWM's day-to-day direction of employment practices, thereby raising "a plausible inference… that compensation-related matters were well within [their] bailiwick" and they caused the undercompensating of Ms. Stein's wages, in violation of the Equal Pay Act and Fair Labor Standards Act.

"The decision to grant or deny a Rule 59 motion is committed to the wide discretion of the district court and must be respected absent abuse." *Williams v. Poulos*, 11 F.3d 271, 289 (1st Cir.1993); *Markel American Ins. Co. v. Díaz–Santiago*, 674 F.3d 21 (1st Cir. 2012) ; *Fernandez v. Leonard*, 963 F.2d 459, 468 (1st Cir.1992). Generally, to prevail on a Rule 59(e) motion, the moving party "must either clearly establish a manifest error of law or must present newly discovered evidence." *F.D.I.C. v. World Univ. Inc.*, 978 F.2d 10, 16 (1st Cir.1992); see also *Marie v. Allied Home Mortg. Corp.*, 402 F.3d 1, 7 n. 2 (1st Cir.2005) (acknowledging four grounds for granting a Rule 59(e) motion: "manifest errors of law or fact, newly discovered or previously unavailable evidence, manifest injustice, and an intervening change in controlling law.") (citing 11 C. Wright et al., Federal Practice and Procedure § 2810.1 (2d ed.1995)). Notably, a party moving for Rule 59(e) relief may not repeat arguments previously made during summary judgment, *Prescott v. Higgins*, 538 F.3d 32, 45 (1st Cir.2008), nor may it present new arguments on a Rule 59(e) if such arguments "could, and should, have been made before judgment issued." *ACA Fin. Guar. Corp. v. Advest, Inc.*, 512 F.3d 46, 55 (1st Cir.2008) (quoting *F.D.I.C.*, 978 F.2d at 16). Rule 59(e) motions "are aimed at re consideration, not initial consideration." *Harley–Davidson Motor Co. v. Bank of New Eng.-Old Colony, N.A.*, 897 F.2d 611, 616 (1st Cir.1990).

Ms. Stein's Rule 59(e) Motion fully satisfies 1st Circuit directives stated above.

Alternatively, Ms. Stein seeks relief under Rule 60(b), which provides that "the court may relieve a party . . . from a final judgment, order, or proceeding," for, as relevant here, "newly discovered evidence" or "any other reason that justifies relief," Fed. R. Civ. P. 60(b)(2), (6). Relief under Rule 60(b) is likewise "extraordinary in nature," *Karak v. Bursaw Oil Corp.*, 288 F.3d 15, 19 (1st Cir. 2002), and should be granted "sparingly," *Cintron-Lorenzo v. Departamento de Asuntos del Consumidor*, 312 F.3d 522, 527 (1st Cir. 2002) (citation omitted), as "[s]uccess under [Rule 60(b)] requires more than merely casting doubt on the correctness of the underlying judgment." *Fisher*, 589 F.3d at 512. Plaintiffs, as the moving parties, bear the burden of making the requisite showing under Rule 59(e) or Rule 60(b). See *Marie v. Allied Home Mortg. Corp.*, 402 F.3d 1, 7 n.2 (1st Cir. 2005); Fisher, 589 F.3d at 512.

Ms. Stein, an unrepresented federal employee, is entitled to a full measure of Pro Se Leniency in the Court's adjudication of the instant motion. She diligently provides newly discovered Amended Complaint evidence, in addition to evidence that didn't seem relevant to the unrepresented litigant, but is now, that cures the defects in her original complaint. Prior to February 12, 2020, when the Court issued its Memorandum and Order, B. Individual Capacity Claims and Failure to State a Claim, the Court had provided no clue inferring Ms. Stein's individual capacity claims were insufficient, deficient or defect, and Ms. Stein did not, as admonished by the First Circuit, "having the needed information, deliberately wait in the wings" to see whether the court would hold that the operative complaint was insufficient. *Advest, Inc.,* 512 F.3d at 57; see *Fire & Police Pension Ass'n of Colorado v. Abiomed, Inc.*, 778 F.3d 228, 247 (1st Cir. 2015) (discouraging "practice of seeking leave to amend after the case has been dismissed," particularly where "plaintiffs were put on notice of the deficiencies in the complaint by the motion to dismiss");

*Kader,* 887 F.3d at 61 (First Circuit has "explicitly condemned a 'wait and see' approach to pleading").

Pro Se Plaintiff Stein herein provides a convincing explanation as to why she could not have proffered crucial new evidence that did not yet exist pertaining to a judgment on matters not yet obviously relevant, prior to the Court's dismissal without prejudice of her individual capacity EPA claims. See *Karak*, 288 F.3d at 19-20 ("[A] party who seeks relief from a judgment based on newly discovered evidence must, at the very least, offer a convincing explanation as to why he could not have proffered the crucial evidence at an earlier stage of the proceedings."); see also *United States v. Depuy Orthopaedics, Inc.*, No. 12-10897-FDS, 2016 WL 1430008, at *2 (D. Mass. Apr. 11, 2016), aff'd, 865 F.3d 29 (1st Cir. 2017) (motion for reconsideration "should not be used to 'advance a new argument that could (and should) have been presented prior to the district court's original ruling.'" (quoting *Cochran v. Quest Software, Inc.*, 328 F.3d 1, 11 (1st Cir. 2003)).

Denial of the unrepresented federal employee's instant motion to Alter or Amend the Judgment would be a manifest injustice of the highest degree. It would likewise be a manifest injustice to deny Pro Se Plaintiff Stein the opportunity to amend her complaint, at least once, in light of her newly discovered or previously unavailable evidence, the importance of the substantive issues, and the complexity inherent in her prosecution of this first in the nation federal employee v. federal employer individual and official capacity EPA/FLSA claims, a matter of great importance for Ms. Stein and her family and a matter of great public importance for the hundreds of thousands of federal employees who are and have been (since 1963 when President Kennedy made it law) deprived of equal protection under the EPA/FLSA!

Ms. Stein never once had notice and ample opportunity to request leave to amend during the pendency of the motion to dismiss. Not only would the denial of this motion deprive Ms. Stein

of even once amending her complaint to cure defects, it would leave her utterly defenseless, without any means of preventing future discrimination/harassment/bullying/retaliation by her direct supervisor Dr. Kupferschmid, the individual Defendant VACWM employer most responsible for causing the undercompensating of Ms. Stein's wages, in violation of the Equal Pay Act and Fair Labor Standards Act.

Wherefore, in the interests of justice and the absence of undue prejudice to Defendants, Plaintiff respectfully moves this Honorable Court to either alter or amend the court's recent February 12, 2020 order, set aside its judgment, or reconsider its opinion, so that Ms. Stein's recently filed (on February 24, 2020) Motion for leave to amend her complaint and add VACWM Chief of Staff Dr. Seth Kupferschmid, in his individual capacity, as a Defendant, may fairly and justly allow the unrepresented federal employee to cure defects identified by the Court in its dismissal of Ms. Stein's individual capacity Equal Pay Act claim without prejudice.

Respectfully submitted on February 28, 2020

Kathlyn M. Stein, Pro Se
PO Box 158
Shutesbury, MA 01072

## CERTIFICATE OF CONSULTATION PURSUANT TO LOCAL RULE 7.1

The plaintiff conferred with VACWM Defendants' Attorney, Assistant U.S. Attorney Christopher Morgan, 300 State Street, Suite 230, Springfield, MA 01105, on or about February 18, 2020, and we made a good faith attempt to narrow or resolve the issues discussed herein.

Respectfully submitted on February 28, 2020

*[signature]*

Kathlyn M. Stein, Pro Se
PO Box 158
Shutesbury, MA 01072


## CERTIFICATE OF SERVICE

I herein certify that the Pro Se Plaintiff in this case is not a registered CM/ECF user. Therefore, I have mailed the foregoing document by email, First-Class Mail, postage prepaid, or hand delivered, on February 28, 2020, to VACWM Defendants: Retired Director John Collins, Chief of Staff Dr. Seth Kupferschmid and Acting Director Andrew McMahon, by and through their attorney, Assistant U.S. Attorney Christopher Morgan, 300 State Street, Suite 230, Springfield, MA 01105.

Respectfully submitted on February 28, 2020

*[signature]*

Kathlyn M. Stein, Pro Se
PO Box 158
Shutesbury, MA 01072